| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC# _____<br>DATE FILED: 7/3/08 |

FELICIA PICKETT JOHNSON,

      Plaintiff,

   -against-

ST. BARNABAS NURSING HOME
& RONALD GRANGER,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 2188 (VM) (AJP)

**<u>ORDER</u>**

**ANDREW J. PECK, United States Magistrate Judge:**

  Presently before the Court is defendant Ronald Granger's motion to dismiss the complaint against defendant Granger on the grounds that: (i) there is no liability for individual supervisors under Title VII and the ADA, and (ii) plaintiff's Title VII and ADA claims were untimely filed in federal court. (Dkt. No. 14: Notice of Motion; <u>see also</u> Dkt. No. 15: Granger Br.)

  At about the same time, the Court received the attached "Affirmation in Support of Motion" by plaintiff Johnson, seeking to amend the complaint "to drop defendant Ronald Granger" and to add certain new charges.

  Accordingly, the Court grants the parties' applications to the extent of dismissing without prejudice the complaint against defendant Ronald Granger. (The Court therefore need not rule on defendant Granger's claim that the Title VII and ADA claims are untimely.)

C:\OPIN\

2

As to plaintiff's request to amend to add charges, the Court again denies it without prejudice. (See also Dkt. No. 16: 6/26/08 Memo Endorsed Order.) As I noted in my prior Order, plaintiff Johnson needs to file a motion, explaining why she should be allowed to add new claims at this late stage of the litigation (and she should be aware that she cannot bring any federal claim that she did not bring before the EEOC), and must attach a Proposed Amended Complaint that totally replaces her original complaint; she should use the same "Complaint for Employment Discrimination" form as the one she originally filed and mark it "Proposed Amended Complaint."

## CONCLUSION

For the reasons stated above, on plaintiff's consent, defendant Ronald Granger is dismissed without prejudice. (The Clerk of Court shall close Dkt. No. 14.) The case continues against now sole defendant St. Barnabas Nursing Home.[1]

SO ORDERED.

Dated:   New York, New York
         July 3, 2008

_____
Andrew J. Peck
United States Magistrate Judge

Copies to:   Felicia Pickett Johnson (Regular & Certified Mail)
             Roosevelt Theodore Seymour, Esq. (Fax)
             Yuval D. Bar-Kokhba, Esq. (Fax)
             Judge Victor Marrero

---

[1] The Clerk's Office also is advised to correct the Court's docket sheet – plaintiff Johnson is pro se. Attorney Seymour represented defendant Granger, not plaintiff.

C:\OPIN\

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RECEIVED
JUL - 1 2008
CHAMBERS
ANDREW J. PECK

__Felicia Pickett Johnson__
(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

08 Civ. 2188 (__)(__)
Rm 1370

- against -

__St. Barnabas Nursing Home__

**AFFIRMATION OF SERVICE**

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

I, __Felicia Pickett Johnson__, declare under penalty of perjury that I have
   (name)

served a copy of the attached __Exhibit A (Amend) + Affirmation (Complaint)__
                                 (document you are serving)

upon __Hon.(s) A. Peck / V. Marrero__ whose address is __500__
     (name of person served)

__Pearl Street   Rm. 1370__
              (where you served document)

by _____
   (how you served document: For example - personal delivery, mail, overnight express, etc.)

Dated: __New York__, __NY__
        (town/city)   (state)

__June__ __30__, 20__08__
(month)  (day)   (year)

Signature: __Felicia Pickett Johnson__

Address: __1466 Beach Ave. #1__

City, State: __Bronx, NY 10460__

Zip Code: 

Telephone Number: __347 293-7504__

*Rev. 05/2007*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Felicia Pickett Johnson_
(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

08 Civ. 2188 ( ) ( )
Rm B370

**AFFIRMATION IN SUPPORT OF MOTION**

- against -

_St. Barnabas Nursing Home_

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

I, _Felicia P. Johnson_, affirm under penalty of perjury that:
(name)

1. I, _Felicia P. Johnson_, am the (plaintiff)/defendant in the above entitled action,
(name)                                      (circle one) Exhibit B

and respectfully move this Court to issue an order _to Amend Claim(s) to_
90 day is    _drop defendant Arnold Granger and to_ (state what you want the Judge to order) _reserve and add charges,_
march 5, 08  _Consider 90 days, Exempt wk.ends & Holidays (x-mas, Halloween, New Year, Thanksgiving,_
_Valentine,_ 2. The reason why I am entitled to the relief I seek is the following (state all your reasons

using additional paragraphs and sheets of paper as necessary): _Plaintiff entitled to relief_
_of 3.5 million because she suffered ① discrimination,_
_② Personal injury ③ negligence ④ discrimination of dis-_
_ability ⑤ emotional stress ⑥ fear of harm ⑦ slander,_
_⑧ pain and suffering (see attached)_

WHEREFORE, I respectfully request that the Court grant this motion, as well as such

other and further relief as may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _Bronx_, _NY_           Signature _Felicia Pickett Johnson_
       (city)      (state)       Address _1466 Beach Ave #1_
       _June_  _30_, 20 _08_              _Bronx, NY 10460_
       (month) (day)  (year)    Telephone Number _347 293-7504_
                                Fax Number (if you have one) _N/A_

Rev. 05/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NOW YORK

FELICIA PICKETT JOHNSON
Plaintiff

VS.

ST. BARNABAS NURSING HOME CORP.
Defendant

CV 2188/08

*[handwritten annotations: Discrimination / Affirmation of / Felicia Pickett Johnson]*

Plaintiff, Felicia Pickett Johnson, motions for amended claims.

Mrs. Johnson, plaintiff, states that St. Barnabas Nursing Home Corporation is responsible for the behavior of its employees, and that the Corporation's negligence discriminated against her when it left her to work in a hostile work environment without immediate remedial changes to prevent escalated and unwanted incidents of hostility, these actions or lack of action thereof, caused Mrs. Johnson to become a victim of

1. Discrimination pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 1. U.S.C. section 2000e to 2000-17, (a) Race (b) color (c) gender (d) religion (e) national origin.

**The corporation hires from within first.**

(a) Plaintiff was in a 2 to 5 ratio of African American employees in the immediate recreation department. The cooperation favored the hire of more foreign origin employees than African American females.

(b) September 8, 2006, Plaintiff, Felicia P. Johnson, she became victim of sexual harassment from co-worker, Mr. Ronald Granger, when they were in the office alone and he used offensive language, fuck me, ah fuck, fuck me, then spent around in his chair rubbing his head saying fuck me.

(c) Plaintiff was passed over for promotion to a full time recreation therapist position; after she made a complaint. The corporation hired two males at least one Spanish male and then the corporation hired a female, less than age 40 from a Nigerian origin, to be employed in the same full time position.

(d) Plaintiff's prepaid legal attorney made a request to Administrator, Al Rosenblum, to transfer plaintiff to a different department; after sexual harassment from male co-worker, Mr. Ronald Granger. Plaintiff's request went unanswered. She was forced to remain in the hostile environment without immediate remedial changes from the corporation.

(e) Plaintiff sought to remove herself from the hostile environment by applying for a transfer to the dentist department. Peggy Shiboski, employment manager, denied transfer during interview because plaintiff was not Spanish speaking, rather she is bilingual German, and English speaking.

(f) Plaintiff is a Christian. Supervisor Stuart Cohen and Administrator Al Roseblum are both Jewish, whom practice Jewish laws and customs. According to Jewish Mishnah, Kiddushin, denotes that a woman is acquired in three ways; before a marriage ceremony: by money, a contract, and sexual intercourse. Plaintiff's religious belief is a wife is acquired through mutual agreement in a relationship with a proposal and the giving of a ring (traditionally) or other keep sake symbolic to a marriage. Plaintiff faced religious discrimination.

The corporation's Jewish supervisors failure to take long term action as would be reasonable under the conditions in a sexual harassment environment was sexist and religiously bias. Supervisor Stuart Cohen told plaintiff she was to sensitive; after the sexual harassment complaint.

(g) The 14 th amendment right, pursuant to Civil Rights Act of 1964 Title VII, plaintiff was not given equal protection of the law. Defendants did not act in a standard procedural manner for such hostile conditions that they may have acted differently had plaintiff been a white, Spanish, Italian, or Caribbean origin female.

(h) May 27, 2006, plaintiff was subjected to male and female co-workers' verbal and physical altercation in the office during a staff meeting to which plaintiff had keys and a pencil thrown across her head, she feared harm from slinging carts and profanity. Pursuant to employee rights 101, employee has a right to be free from harassment of all types.

2. Plaintiff suffered discrimination Pursuant to Americans with Disabilities Act of 1990, as codified, 42 U.S.C. section 1211212117.

(a) 2008, Plaintiff was made embarrassed during staff meeting when Nigerian co-worker, Saromi, called her a derogatory name in front of staff and supervisor during a staff meeting, referring to plaintiff as faking her illness, and then she untruthfully complained about plaintiff's work performance. Saromi divulged confidential health information about the plaintiff that she was not privy too. Plaintiff was in fact scheduled to have surgery.

(b) Social Service supervisor and head recreation administrator, Maxzine Green, demanded plaintiff work under strenuous conditions with her illness; after plaintiff brought medical notification from her doctor that she could not lift more than 25 lbs. Maxzine Green wanted notification from an MD instead of the specialist (chiropractor) treating her. Plaintiff condition worsened even more. The corporation did not



accommodate Ms. Johnson.

(*e*) While Ms. Johnson was ill; Maxzine Green, Social Service Supervisor harassed Ms. Johnson about her absences. Constantly watched her work more than other employees, Made request for plaintiff to lift heavy cooler during an outing and instructed plaintiff to push wheel chair residents during outing, until she received an MD notification.

3. Retaliation to (a) adverse actions (b) covered individuals (c) Protected activity.

(a) Plaintiff met with union representatives regarding her complaints, during such time, co-workers began to shun plaintiff in social office conversation, make frivolous complaints to supervisors about her. To defend co-worker Ronald Granger, the supervisors and co-workers in the recreation department worked in concert to damage plaintiffs good image, sabotage promotion opportunity, and sought reason to terminate her.

(b) Ms. Green harassed and retaliated against Plaintiff; after she made complaints of sexual harassment and she made an anonymous complaint of patient abuse. She reprimanded Ms. Johnson for her answer to another administrators discussion and questions asked of recreation employees because as she said, "she is the administrator, and she has a problem with that." Pursuant to Title VII federal regulation 74676 (1980), employees have the right to work in an environment free from discriminatory intimidation.

(c ) Plaintiff met with company attorney, Ms. Debra Snyder, meeting arranged by union representative. Snyder intimidated plaintiff with accusatory statements and false allegations of another employees complaint against Ms. Johnson. Pursuant to Title VII federal regulation 74676 (1980), employees have the right to work in an environment free from discriminatory intimidation.

(d) Plaintiff worked in the recreation department for more than one year without an evaluation even at her request. After her complaint and union activity; she received her first evaluation with low grades.

(e) Plaintiff is an African American female, American born citizen. Plaintiff made complaints to proper authority: security, administrators, human resources. Head of security is a foreign national/origin. Co-worker Ronald Granger is also a Jamaican by national origin, Co-worker Saromi is also foreign origin/Nigerian. Stuart Cohen, supervisor is foreign origin, Jewish, head of security is foreign origin. They formed a foreign alliance against plaintiff.

(F) Plaintiff's office desk was vandalized November 8, 2006. Her personal property was broken, and stolen. Incident was reported to Demetrius Long and Ms. Beverly, head of security the same day.

*R m 1370*
*08/CV-2188*

(g) November 17th 2006, plaintiff was harassed when she received a nurse's station phone call from Mr. Ronald Granger, he advised plaintiff, Mr. Cohen said for her to go to his office during the fire drill and stay on the floor for five minutes. Plaintiff did not comply as advised because this was against policy and procedure.

(h) *Stale name to plaintiff program and ideas food for thru ft/ed autrance*

St. Barnabas Nursing Home Corporation's negligent behavior in lack of long term immediate actions in these matters, caused the plaintiff, Mrs. Felicia Pickett Johnson, to suffer

1. Discrimination pursuant to Title VII of the Civil Rights Act of 1964 42 U.S.C. sect. 2000e to 2000e-17, pursuant to Americans with Disabilities Act of 1990, 42 U.S.C. sect 1211212117.
2. Emotional stress
3. Personal injury (Continuous Trauma).
4. Pain and suffering
5. Fear of harm
6. Slander
7. Negligence

The plaintiff, Mrs. Felicia Pickett Johnson, seeks 3.5 million in punitive damages, general compensatory damages, lost property and expenses.

Respectfully,

*Felicia Pickett Johnson*

Felicia Pickett Johnson

1466 Beach Avenue Apt. 1
Bronx, New York 10460

*June 30, 2008*