```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-25-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
FELICIA PICKETT JOHNSON,          :
                                  :
           Plaintiff,             :   08 Civ 2188
                                  :
     - against -                  :   **DECISION AND ORDER**
                                  :
ST. BARNABAS NURSING HOME,        :
                                  :
           Defendant.             :
------------------------------X

**VICTOR MARRERO, United States District Judge.**

Pro Se plaintiff Felicia Pickett Johnson ("Johnson") brought this action pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et seq., the New York City Human Rights Law, N.Y. Admin. Code § 8-101 et seq.; and the New York State Human Rights Law, Executive Law § 290 et seq., against her former employer defendant, St. Barnabas Nursing Home ("St. Barnabas"), and her former co-worker, defendant Ronald Granger ("Granger") (collectively, "Defendants"). On July 3, 2008, Magistrate Judge Andrew Peck, with Johnson's consent, dismissed the claims against Granger without prejudice, from the instant action. St. Barnabas now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, the motion is GRANTED.

Johnson filed the instant action on February 7, 2008. Her right-to-sue letter (the "Right-to-Sue Letter") from the United States Equal Employment Commission ("EEOC") is dated

October 31, 2007. Under Title VII and the ADA, a claim must be filed in federal court within 90 days of the plaintiff's receipt of a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74 (2d Cir. 2003); Celestine v. Cold Crest Care Center, 495 F. Supp. 2d 428, 431 (S.D.N.Y. 2007) (citing Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525-26 (2d Cir. 1996). "Normally it is assumed that a mailed document is received three days after its mailing." Sherlock, 84 F.3d at 525 (citations omitted). In this case, the date of receipt is three days from the October 31, 2007 date of the Right-to-Sue Letter, or November 3, 2007. Thus under this three-day presumption, Johnson had until February 1, 2007 to commence this action, unless she sufficiently rebuts the presumption.

Johnson alleges in her complaint that she actually received the Right-to-Sue Letter on November 14, 2007, almost two weeks after it was issued. She offers no compelling explanation for this exceptional delay. The receipt date she claims, however, is contradicted by a copy of the Right-to-Sue Letter Johnson attached as an exhibit (the "Exhibit Letter") to her complaint. That document contains a fax transmission confirmation dated November 8, 2008 indicating Johnson's name and telephone number, presumptive evidence that she must have had the Right-to-Sue Letter at least as of November 8, 2008. But, even assuming that the Exhibit Letter were read to

indicate that Johnson did not receive the Right-to-Sue Letter within the presumptive three days, but instead as of November 8, 2008, Johnson would have been required to file the instant action on or before February 6, 2008. However, Johnson did not file until February 7, 2008.

Johnson claims that, under "the general practice rules of the federal court," the 90-day statutory period does not include weekends and holidays, and therefore that she had until March 5, 2008 to commence the instant action. (Johnson's Response to St. Barnabas's Motion to Dismiss dated July 10, 2008, ¶ K.) The Court is not aware of any such rule. See Stephens v. Salvation Army, 04 Civ. 1697, 2006 WL 2788245, at *2 (S.D.N.Y. Sept 26, 2006). Nor has Johnson put forth any extraordinary circumstances to warrant the equitable tolling of the 90-day period. See Zerilli-Edelglass, 333 F.3d 80-81 (stating that equitable tolling is warranted if a plaintiff (1) "acted with reasonable diligence during the time period she seeks to have tolled," and (2) "has proved that the circumstances are so extraordinary that the doctrine should apply") (citation and quotation marks omitted); see also Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) (stating that "in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day") (citing Rice v. New

England College, 676 F.2d 9, 11 (1st Cir. 1982)). Because the Title VII and the ADA 90-day filing requirement functions as a statute of limitations, Johnson's claims under Title VII and the ADA are time-barred and must be dismissed. See Zerelli-Edelglass, 333 F.3d at 78.

Because the Court dismisses Johnson's claims under Title VII and the ADA, the Court declines to exercise supplemental jurisdiction over her state law claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (stating that "if the federal law claims are dismissed before trial ... the state claims should be dismissed as well"). Accordingly, St. Barnabas's motion for judgment on the pleadings is GRANTED.

## **ORDER**

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 20) of defendant St. Barnabas Nursing Home for judgment on the pleadings is GRANTED.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         25 July 2008

```
                              _____
                                  VICTOR MARRERO
                                     U.S.D.J.
```